James Huff Langston  
c/o P.O. Box 12  
Idleyld Park, Oregon [97447]

FILED 31 MAY '11 11:34 USDC-ORP

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| James Huff Langston, *pro se*, <br>     counter/plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br>     counter/defendant, <br><br> *IN REM*, <br> VARIOUS COINS, <br> VARIOUS SILVER BARS, <br> PALLADIUM BARS, AND <br> MUTILATED CURRENCY IN THE <br> AMOUNT OF $13,750.00 IN U.S. <br> CURRENCY, *in rem*, <br>     Defendants, | Case No. **11-CV-00387-MA** <br><br> **COUNTER CLAIM** |

Comes now, James Huff Langston, *pro se*, hereafter counter/plaintiff, by special appearance and not general reserves all rights at all times and waives no right at any time.

Counter/plaintiff makes a timely claim of ownership of the 1411 one ounce silver bullion coins, 85 one ounce gold bullion coins, 1 one-hundred ounce silver bullion bar, 8 one ounce palladium bullion coins, 3 ten ounce silver bullion bars, 40 one ounce silver bullion bars, 10 one ounce palladium bullion bars and one Safe with an established value of $2299.00.

Counter/plaintiff specifically challenges the standing of the UNITED STATES OF AMERICA

to make a complaint against a Citizen of a state of the American Union alleging the violation of "territorial law" Title 21 U.S.C. § 801 et. seq., applicable only to Washington D.C. and territory owned by or ceded to the United States.

Counter/plaintiff challenges the Constitutionality of Title 21 U.S.C. § 801 et. seq., as it is being applied within the sovereign state of Washington and as applied to the right of Counter/plaintiff to own, place and store said property at a private home located at 31414 SE 22nd Street, Washougal, Washington state.

Counter/plaintiff challenges the standing of the UNITED STATES OF AMERICA to bring this action against Citizens of a state under color of a territorial code applicable only to the specific territories and enclaves defined at 21 U.S.C. § 802(26).

> (26) "The term "State" means a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States."

The language used in Title 21 U.S.C. § 802(26) to define "State" can only apply to Washington D.C. and possessions of the United State. These "States" can only refer to the "federal zone" identified in the case of *United States v. Lopez,* 514 U.S. 549 (1995). The *Lopez* Court struck down a federal statute banning guns in a school zone, "in light of what it characterized as insufficient congressional findings and legislative history, 922(q) is invalid as beyond Congress' power under the Commerce Clause."

Counter/plaintiff asserts that the enforcement of Title 21 U.S.C. § 801 et. seq. in the freely associated compact states of the Union is beyond the power of Congress under the commerce clause. This statute has not been enacted into law in Washington and the search did not produce any evidence of criminal activity under Washington law.

> "Federal Courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statutes, See *Willy v. Coastal Corp.*, 503, U.S. 131, 136-37, 117 L.ED. 2d 280, 112 S.Ct. 1076 (1992), which is not to be expanded by Judicial Decree. *Fire & Casualty Co. v. Fin*, 341 U.S. 6, 95 L.Ed. 702, 71 S.Ct. 534, 19 ALR 2d 738 (1951). It is presumed that a cause lies outside this limited jurisdiction, *Turner v. Bank of North America*, 4 Dall, 8,11, I L. Ed 718 (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction." *McNutt v. GMAC*, 298 U.S. 178, 182- 83, 80 L.Ed. 1135, 56 S. Ct. 780 (1936).

The Constitution of the United States of America created a government for the United States, meaning the states united by and under the Constitution. Article 3, Section 2, Clause 3, states that, "the trial shall be held in the State where the said Crime shall have been committed." In this matter the warrant was served at 31414 SE 22nd Street, Washougal, Washington state. It appears that venue is not correct and this matter must be remanded to the courts of Washington or dismissed for lack of authority in the complaining agency and plaintiff.

> "Since the adoption of the 14th Amendment to the Federal Constitution, the validity of such judgments may be directly questioned, and their enforcement in the State resisted, on the ground that proceedings in a court of justice to determine the personal rights and obligations of parties over whom the court has no jurisdiction, do not constitute due process of law. *Pennoyer v. Neff*, 95 U.S. 565(1877)

Counter/plaintiff can find no reference in the Constitution of the United States of America that identifies any process that can run in the name of the UNITED STATES OF AMERICA. The only reference to the service of process appears in the Articles of Confederation and states that all process shall run in the *"name of the People of the United States"*. The Constitution of the United States mentions cases where the "United States" shall be a party but there is never any use of the term UNITED STATES OF AMERICA anywhere in the Constitution indicating that such an entity has standing to be a plaintiff in courts of the United States. If such authority exist, Counter/plaintiff demand that it be placed in the record of this matter.

Counter/plaintiff challenges the standing of Dwight C. Holton, United States Attorney for the District of Oregon to represent the entity styled UNITED STATES OF AMERICA. Counter/plaintiff alleges the entity UNITED STATES OF AMERICA does not exist in law or fact. Counter/plaintiff demand that Dwight C. Holton produce his delegation of authority from the UNITED STATES OF AMERICA that specifically name Dwight C. Holton as authorized to represent said UNITED STATES OF AMERICA in any criminal matter in states of the American Union.

Counter/plaintiff demand proof of claim that there exists under the Constitution of the United States of America an office or officer titled, "UNITED STATES OF AMERICA ATTORNEY GENERAL." Counter/plaintiff cannot find any reference to such an entity or agent and asserts that no such entity or agent exists under the laws of the United States that are applicable to Citizens of the freely associated compact states of the American Union.

Counter/plaintiff challenges the sufficiency of the warrant under Washington law, Article 5, Section 10, which limits the "thing" to be seized, to one 'thing'. The warrant in this matter was served at a private home located at 31414 SE 22nd Street, Washougal, Washington which is not part of the territorial limits of the United States. Washington state is foreign to the District of Columbia and the laws of the District cannot be enforced against Citizens of Washington or Oregon.

> "The exclusive jurisdiction which the United States have in forts and dock yards ceded to them, is derived from the express assent of the state by whom the cessions are made. It could be derived in no other manner; because without it, the authority of the state would be supreme and exclusive therein." *United States v. Bevans,* 16 U.S. 336 (1818).

The place where the warrant was served is not "in this state" or "within this state" as that term is defined in ORS 323.010 (8), "In this state" means within the exterior limits of the State of Oregon and includes all territory within these limits owned by or ceded to the United States of America.

Defendant cannot prove venue is proper or that the crime alleged is applicable outside of the limits of Congresses Article 1 power as defined in Title 21 U.S.C. §801 et. seq. Counter/plaintiff demands that proof be placed into the record of this matter that the UNITED STATES OF AMERICA holds title to the lands and buildings at 31414 SE 22nd Street, Washougal, Washington state, which shall include the approval of the Attorney General for the purchase as required by 40 U.S.C. § 3111.

> "The laws of Congress in respect to those matters do not extend into the territorial limits of the states, but have force only in the District of Columbia, and other places that are within the exclusive jurisdiction of the national government." *Caha v. United States,* 152 U.S. 211(1894)

It is an accepted reality that in the American Union there are two separate and distinct "governments" state and federal. The Constitution is written to keep them separate and to protect the tights of individual Citizens whom they serve. The federal government cannot invade the state of Washington under the pretext of the commerce clause in an attempt to extend it's territorial jurisdiction. Washington is not a territory of the United State subject to its process. Neither does the agent of the federal government have authority to ignore the rights of Washington Citizens to the protection of Washington's Constitution.

> "The Constitution does not protect the sovereignty of the States or state government as abstract political entities, or even for the benefit of the public officials governing the States. To the contrary, the Constitution divides authority between federal and state governments for the protection of individuals. State sovereignty is not just an end in itself: "Rather, federalism secures to citizens the liberties that derive from the diffusion of sovereign power." *Coleman v. Thompson,* 501 U.S. 722, 729, 111 S.Ct. 2546, 2570, 115 L.Ed.2d 640 (1991). (Blackmun, J., dissenting). "Just as the separation and independence of the coordinate branches of the Federal Government serves to prevent the accumulation of excessive power in any one branch, a healthy balance of power between the States and the Federal Government will reduce the risk of tyranny and abuse from either front." *Gregory v. Ashcroft,* 501 U.S. 452, 458, 111 S.Ct., at 2400 (1991) *See also:* The Federalist No. 51, p. 323 (C. Rossiter ed. 1961).

Where Congress exceeds its authority relative to the states, therefore, the departure from the

constitutional plan cannot be ratified by the "consent" of state officials. ... the constitutional authority of Congress cannot be expanded by the "consent" of the governmental unit whose domain is thereby narrowed, whether that unit is the Executive Branch or the state. Thus "state officials cannot consent to the enlargement of the powers of Congress beyond those enumerated in the Constitution.

> "Some truths are so basic that, like the air around us, they are easily overlooked. Much of the Constitution is concerned with setting forth the form of our government, and the courts have traditionally invalidated measures deviating form that form. The result may appear "formalistic" in a given case to partisans of the measure at issue, because such measures are typically the product of the era's perceived necessity. But the Constitution protects us from our own best intentions: It divides power among sovereigns and among sovereigns and among branches of government precisely so that we may resist the temptation to concentrate power in one location as an expedient solution to the crisis of the day." *New York v. United States,* 505 U.S. 142, 112 S.Ct. 2408, 120 L.Ed.2d 120 (1992).

Instead of taking the time and going to the state of Washington authorities, it appears, this matter was brought before a "federal grand jury" and a "federal" warrant was issued under the expanded criteria of the Fourth Amendment. Washington has established a better set of rights for its Citizens and those rights must prevail within its borders. The warrant is void for want of authority to issue it. The federal grand jury indictment in not sufficient without a concurrent finding of a Washington grand jury. The plaintiff in this matter claims to be the UNITED STATES OF AMERICA which has no standing to initiate a claim against a Citizen of Washington.

Not even the supremacy clause at Article VI can save this action. Title 21 U.S.C. § 801 et.seq. is an express enactment of Congress. It must be applied as Congress enacted it, not as some agents in the field would like to use it for personal gain. The Act itself defines with particular clarity the area of its intended jurisdiction. There is no power in the agent or the court to expand that territory for the purpose of exercising its jurisdiction. The statute and the statute alone has determined the territory over which it extends. In exact and express terms it states:

**21 U.S.C. § 802(26):**

(26) "The term "State" means a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States."

The limitation is clear and the limits of the territory where the statute is enforceable do not extend into states of the American Union. This court cannot claim a jurisdiction where none exists. A 'war on drugs' cannot be turned into a 'war upon the Constitutions' state or federal.

> "States are not mere political subdivisions of the United States. State government are neither regional offices nor administrative agencies of the Federal Government. The positions occupied by state officials appear nowhere on the Federal Government's most detailed organizational chart. The Constitution instead "leaves to the several States a residuary and inviolable sovereignty." *The Federalist No.* 39, p. 245 (C. Rossiter ed. 1961), reserved explicitly to the States by the Tenth Amendment." *Now York v. United States,* 505 U.S. 142.

Neither can the commerce clause be used as a lever to pry open the state to federal encroachment of the states police power. The federal drug laws may operate well in the territory subject to Congresses plenary power but the territorial limits of that power do not extend into states of the Union. Congress may well have power to effect individuals directly by specific delegated authority from the people, but they have no power to invade the states by plain usurpation of power where none exists. Unless the United States can demonstrate a constitutional delegation of authority to control the police power reserved to the states by the 10th Amendment and a delegation of power to declare, the reservations of right of the people at the Ninth Amendment, void its acts in this case are unconstitutional and void.

> "The Constitution is the work or will of the People themselves, in their original, sovereign, and unlimited capacity. Law is the work or will of the Legislature in their derivative and subordinate capacity. *The one is the work of the Creator*, and *the other of the Creature*. The Constitution fixes limits to the exercise of legislative authority, and prescribes the orbit within which it must move. In short, gentlemen, the Constitution is the sun of the political system, around which all Legislative, Executive and Judicial bodies must revolve. Whatever may be the case in other countries, yet in this there can be no doubt, that *every act of the Legislature,*

*repugnant to the Constitution, is absolutely void."* Vanhorne v. Dorrance, 2 U.S. 304, 308 (1795).

If it is a true statement that each state and the United States have citizens of its own with different rights. It must also be true that the United States may act directly upon it own citizens but it cannot in the same breath act directly on those who created it except in those delegated powers all else is withheld. The United States may reach its subject citizens wherever she finds them but purely state Citizen who are not subjects are out of the reach of the federal government. The issue of a warrant for a Citizen of a state is a matter of local concern and must issue according to the Constitution and laws of the state in which it is to be executed. To say less completely destroys the sovereign powers of the state and makes them subagencies of the federal government.

**Conclusion.**

Defendant lacks authority to bring this action based upon its territorial law. Defendant exceeded its authority and jurisdiction when obtaining a warrant to be executed within the external boundary of Washington state. The search and seizure of the property located at 31414 SE 22nd Street, Washougal, Washington state, was unreasonable and not authorized under the laws cited. The warrant for arrest and seizure of property should be quashed and the property returned to the rightful owner. Defendant is attempting to enforce territorial laws outside of its limited jurisdiction. Washington has not adopted any law that attempts to enforce or allow for enforcement of these federal statutes within Washington state.

**Relief Demanded.**

1. The warrant for arrest and seizure of property in 11-CV-00387-MA be quashed and the property be returned to its rightful owner James Huff Langston.

2. The conviction of James E. Langston must be vacated as a violation of due process.

3. The Grand Jury indictment based upon territorial law which is not enforceable upon a Citizen of Washington be quashed.

4. Reasonable costs and fees associated with this action.

Dated this 27 day of May 2011.

James Huff Langston, *pro se*
c/o P.O. Box 12
Idleyld Park, Oregon [97447]
541-496-4820

## Certificate of Service

I, James Huff Langston, certify that I caused to be served on the below named individuals true copies of the, PETITION FOR RETURN OF PROPERTY, ANSWER TO COMPLAINT and COUNTER CLAIM by placing a true and correct copy in the United States mail with postage paid at Roseburg, Oregon addressed to the following:

Clerk of the Court
United States District Court
1000 SW Third Avenue, Ste. 740
Portland, Oregon 97204-2902

KATHERINE C. LORENZ
Assistant U.S. Attorney
1000 SW Third Ave., Suite 600
Portland, OR  97204

Dated this **27** day of May 2011.

_____
James Huff Langston, *pro se*
c/o P.O. Box 12
Idleyld Park, Oregon [97447]
541-496-4820